UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason C. Leaphart, #345183, | ) C/A No. 4:18-cv-1757-DCC-TER |
| Plaintiff, | ) |
| vs. | ) ORDER |
| Mr. Williams,<br>Mrs. Glidewell,<br>Mr. Williams,<br>Mrs. Maddox, | ) |
| Defendants. | ) |

This case is before the Court because of Plaintiff's failure to comply with the magistrate judge's order of October 17, 2018 (ECF No. 30). A review of the record indicates that the magistrate judge ordered Plaintiff to submit additional information needed to complete service of process on Defendant Maddox within fourteen days, and specifically informed Plaintiff that if he failed to do so Defendant Maddox would be subject to dismissal. The Court has not received any response from Plaintiff and the time for compliance has passed. Plaintiff has not submitted additional information for the U.S. Marshals to serve Defendant Maddox and a prior attempt to serve resulted in an unexecuted summons.

The mail in which the order was sent to Plaintiff at the address provided has not been returned to the court, thus it is presumed that Plaintiff received the order, but has neglected to comply with the order within the time permitted under the order.

Plaintiff's lack of response indicates an intent to not prosecute this case against Defendant Maddox, and subjects this case to dismissal as to Defendant Maddox. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate

where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*). A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied* 493 U.S. 1084 (1990) and *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of plaintiff's responsibility in failing to respond;
> (2) the amount of prejudice to the defendant;
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding *pro se* and he is entirely responsible for his actions. It is solely through plaintiff's own neglect, and not that of an attorney, that Plaintiff has not provided additional information in order to complete service on Defendant Maddox. Plaintiff was previously warned that: "The providing of sufficient, accurate, and complete information on the Form USM-285 is the responsibility of Plaintiff." (ECF No. 30).

Accordingly, Defendant Maddox is dismissed from this action with prejudice to Fed. R. Civ. Proc. 41(b).

**IT IS SO ORDERED.**

November 7, 2018　　　　　　　　　　　　　s/Honorable Donald C. Coggins, Jr.
Spartanburg, South Carolina　　　　　　　　United States District Judge