IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jason C. Leaphart, | ) | Case No. 4:18-cv-01757-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Warden Williams, Mrs. Glidewell, | ) | |
| Mr. Williams, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report").

Defendants filed a motion for summary judgment on April 8, 2019. ECF No. 51. On April 9, 2019, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 52. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond to the motion. On August 20, 2019, the Magistrate Judge issued a Report recommending that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF

No. 56. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed no objections, and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge that this action should be dismissed with prejudice because Plaintiff has failed to prosecute this case. However, the Court finds

---

[1] Plaintiff requested and received an extension of time to file objections until October 1, 2019. ECF Nos. 59, 60. Plaintiff failed to file objections.

that the motion for summary judgment is moot and disagrees with the recommendation of the Magistrate Judge that the motion be granted.  Accordingly, the Court adopts the Report of the Magistrate Judge as modified.  This action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and the motion for summary judgment [51] is found as moot.

   IT IS SO ORDERED.

                 s/ Donald C. Coggins, Jr.
                 United States District Judge

October 21, 2019
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.